**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Criminal Case No. 11-cr-00058-CMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ANTOINE J. WALLACE,

    Defendant.

---

**DISCOVERY PROTECTIVE ORDER**

---

    This matter comes before the Court on the Government's Unopposed Motion for Protective Order (Doc. # 11). The Court, having considered the motion, makes the following findings of fact:

    1.    Defendant is charged with three counts of Assault on a Correctional Officer in violation of 18 U.S.C § 111(a)(1) & (b) at the United States Penitentiary High Security Facility in Florence, Colorado.

    2.    The Federal Bureau of Prisons (BOP) has produced to the United States Attorney's office records, documents, and materials (hereinafter collectively referred to as "Records") that fall into the following categories: i) Rosters of staff and inmates; ii) After Action Report; iii) Documents containing other inmate information; iv) documents that contain medical information about staff and other inmates; and v) Photographs and videos that contain sensitive information. The production

of these Records poses a potential threat to institution security and inmate safety and some of these Records contain private or privileged information.

3.  The government will produce Rule 16 discovery to defense counsel, but requests entry of a protective order, implementing the mechanisms stated below, prior to its release to defense counsel of any of the Records.  For ease of identification, all such Records will be identified by bates numbers on the documents in a letter to Defendant's counsel.

4.  The government has consulted with Defendant's counsel who advised he does not oppose the issuance of the protective order on the requested terms.

WHEREFORE, IT IS HEREBY ORDERED AS FOLLOWS:

1.  The government will provide defense counsel with a copy of the Records as identified above by Bates numbers on the documents.  Defense counsel shall keep the Records and any notes or other materials prepared based upon or referring to information in the Records in strict confidence.  Defense counsel shall use them exclusively in connection with this case (including trial preparation, trial, and appeals or other related legal proceedings) and for no other purpose.

2.  The Records may be viewed only by Defendant, defense counsel, and such members of his staff as are necessary for the purposes outlined above and, as it pertains to staff, only while necessary staff are operating under the direct supervision and control of defense counsel.  Defense counsel shall ensure all persons in his office,

who are to handle such information, read this Order and are informed of their responsibility to safeguard this information.

3. Defense counsel shall make only such copies as are necessary to prepare a defense of this criminal case. Defense counsel shall keep a written record concerning how many copies were made, to whom those copies were delivered, and the dates of delivery. Defense counsel shall also deliver a copy of this order with the materials. No person other than defense counsel shall make any copy of these materials for any purpose whatsoever.

4. Copies of the Records shall not, under any circumstances, be provided to Defendant without petition to and further order of the Court. Defendant may be allowed to view the documents but only while in the direct presence of defense counsel.

5. A copy of this Order shall be kept with the Records at all times.

6. To the extent that the Privacy Act may be asserted as a basis for withholding certain documents or portions of documents requested by defendants, the United States Department of Justice and its agents or representatives are authorized to produce the requested documents because the information contained therein is relevant to the subject matter involved in the pending action or appears reasonably calculated to lead to the discovery of admissible evidence, and the defendants' need for disclosure of such records outweighs the Privacy Act's concerns against disclosure so long as these appropriate protective measures are taken.

7.  At the conclusion of this case, by entry of the Court's judgment, counsel within ten days shall collect all such copies and return them to the government.

DATED:  March   10  , 2011

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge