**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Christine M. Arguello**

Criminal Case No. 11-cr-00058-CMA

UNITED STATES OF AMERICA,

      Plaintiff,

v.

ANTOINE WALLACE,

      Defendant.

---

## MODIFIED DISCOVERY PROTECTIVE ORDER

---

This matter is before the Court on the Government's Motion for Modified

Protective Order (Doc. # 45).  The Court, having considered the motion, makes the

following findings of fact:

1.     Defendant is charged with three counts of Assault on a Correctional

Officer in violation of 18 U.S.C. § 111(a)(1) & (b) at the United States Penitentiary High

Security Facility in Florence, Colorado.

2.     The Federal Bureau of Prisons (BOP) has produced to the United States

Attorney's office records, documents, and materials (hereinafter collectively referred

to as "Records") that fall into the following categories:  i) Rosters of staff and inmates;

ii) After Action Report; iii) Documents containing other inmate information;

iv) documents that contain medical information about staff and other inmates; and

v) Photographs and videos that contain sensitive information.  The  production of

these Records poses a potential threat to institution security and inmate safety and some of these Records contain private or privileged information.

3.      The government previously produced Rule 16 discovery to defense counsel, but requested entry of a Protective Order prior to its release to defense counsel of any of the Records.  For ease of identification, all such Records were identified by bates numbers on the documents in a letter to Defendant's counsel.

4.      The Defendant has now requested and received permission to proceed *pro se* with the assistance of standby counsel.  Therefore, the requirements of the Discovery Protective Order are revised as stated below to allow the Defendant access to the materials in the presence of Bureau of Prisons (BOP) staff.

WHEREFORE IT IS HEREBY ORDERED AS FOLLOWS:

1.      The government will provide standby counsel with a copy of the Records as identified above by bates numbers on the documents.  Standby counsel shall keep the Records and any notes or other materials prepared based upon or referring to information in the Records in strict confidence.  Standby counsel shall use them exclusively in connection with this case (including trial preparation, trial, and appeals or other related legal proceedings) and for no other purpose.

2.      The Records may be viewed only by Defendant, standby counsel, and such members of his staff as are necessary for the purposes outlined above and, as it pertains to staff, only while necessary staff are operating under the direct supervision and control of standby counsel.  Standby counsel shall ensure all persons in his office

who are to handle such information read this Order and are informed of their responsibility to safeguard this information.

3.     Standby counsel shall make only such copies as are necessary to prepare a defense of this criminal case.  Standby counsel shall keep a written record concerning how many copies were made, to whom those copies were delivered, and the dates of delivery.  Standby counsel shall also deliver a copy of this order with the materials. No person other than standby counsel shall make any copy of these materials for any purpose whatsoever.

4.     Copies of the Records shall not, under any circumstances, be provided to Defendant without petition to and further order of the Court.  Defendant may be allowed to view the documents but only while in the direct presence of standby counsel or authorized BOP staff.  The BOP will provide reasonable access to the Records for Defendant Wallace at his request through his Unit Team.

5.     A copy of this Order shall be kept with the Records at all times.

6.     To the extent that the Privacy Act may be asserted as a basis for withholding certain documents or portions of documents requested by defendants, the United States Department of Justice and its agents or representatives are authorized to produce the requested documents because the information contained therein is relevant to the subject matter involved in the pending action or appears reasonably calculated to lead to the discovery of admissible evidence, and the defendants' need for disclosure of such records outweighs the Privacy Act's concerns against disclosure so long as these appropriate protective measures are taken.

7.      At the conclusion of this case by entry of the Court's judgment and within

ten days of the date of said judgment, standby counsel shall collect all such copies and

return them to the government.

DATED this ___2nd___ day of August, 2011.

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge